### HAMLET S. WOODS *vs.* MOSES SAWIN.

A deed of a tract of land, " known by the name of the mill spot," may be explained by parol evidence of what " the mill spot " was commonly reputed, at and before the time of the execution of the deed, to include.

ACTION OF TORT for breaking and entering the plaintiff's close in Southborough, containing one quarter of an acre, more or less, and bounded on all sides by a town road. Answer, soil and freehold in the defendant.

At the trial in the court of common pleas, before *Byington,* J., the defendant gave in evidence certain deeds, the execution of which was admitted, by which a tract of land in Southborough, " known by the name of the mill spot," was conveyed to the defendant; and offered evidence tending to show that the *locus in quo* was part of said mill spot; and then rested his case.

The plaintiff was permitted by the judge, notwithstanding the defendant's objection, to prove, by the testimony of aged witnesses, who had long lived in the vicinity, that during the time they lived there, and before the making of the deeds under which the defendant claimed, the lot known as " the mill spot " was never reputed to include the *locus in quo*, but was reputed to be bounded and separated therefrom by the town road. The jury returned a verdict for the plaintiff, and the defendant excepted to this ruling.

*B. F. Ham,* for the defendant, argued that this evidence, being merely common hearsay and reputation, and not consisting of

the declarations of aged persons deceased, was improperly admitted to affect private right or boundary.

*G. F. Hoar*, for the plaintiff, answered that the question was not whether the boundary could be established by parol or reputation; but what land had acquired the name of "the mill spot;" and that parol evidence was therefore rightly admitted to show to what land that name was commonly applied.

BY THE COURT. The deed given in evidence by the defendant, and relied on as proof of title, specified no metes, bounds or measurements, but purported to convey land by a name or designation, "the mill spot." This is a proper mode of conveying land, which by reputation has acquired a proper name. But it necessarily calls for evidence *aliunde* to show where the "mill spot" was; and the same evidence, which proves the existence of such a place, is competent to prove its limits. That any specific lot bears a particular proper name, can only be shown by reputation, that it has been so known, reputed and understood. The evidence objected to tended to show that the "mill spot" was reputed to be bounded by a town way, which excluded the premises. We think evidence to prove what particular piece of ground had acquired the name of the "mill spot," by a long established reputation, before and at the time the deed was executed, was competent to show what was intended by the name used, and that it was competent to show such reputation by parol evidence. *Sargent* v. *Adams*, 3 Gray, 72. *Gerrish* v. *Towne*, 3 Gray, 82.  *Exceptions overruled.*