ABRAHAM HERMAN AND ANOTHER *vs.* CHARLES D. DEMING AND
OTHERS.

A mortgage of real estate described the land conveyed as "four certain farms, situated in the town of *C*, and bounded and described as follows." The farms were then separately described, the descriptive part of the deed closing as follows: "Also all such other lands as we the grantors, or either of us, own or have any interest in, situated in said town of *C*; reference being had to the land and probate records for a more particular description of the same." There were several mortgagors and some of the pieces belonged to some and others to others. Held that another piece of land belonging to one of the grantors, not adjacent to or in any way connected with either of the farms described, was not conveyed by the mortgage. (Two Judges dissenting.)

Whether the land in question would have been conveyed under the same description by an absolute deed: *Quære.*

The policy of the law with regard to mortgages requires that they give definite information not only as to the debt secured but as to the property mortgaged.

BILL to foreclose a mortgage of real estate; brought to the Superior Court in Litchfield County. Facts found by a committee and a decree of foreclosure passed by *Martin, J.* Motion in error by Lois Scott, one of the respondents. The facts are fully stated in the opinion.

*H. B. Graves*, for the plaintiff in error, cited 1 Swift. Dig., 128; *North* v. *Belden*, 13 Conn., 380; *Mills* v. *Shepard*, 30 id., 98; *U. States* v. *King*, 3 Howard, 773.

*C. B. Andrews* and *L. P. Dean*, for the defendants in

error, cited 1 Swift Dig., 122; 2 Washb. R. Prop., book 3, ch. 5, sec. 4, art. 24; *Allen* v. *Bates*, 6 Pick., 460; *Foss* v. *Crisp*, 20 id., 121; *Robinson* v. *Brennan*, 115 Mass., 582.

PARDEE, J. On the 31st day of January, 1863, John H. Scott and George N. Cooper executed and delivered their joint promissory note for sixty-six hundred dollars to Samuel S. Robbins, and to secure the payment thereof John H. Scott and Lois his wife, Peter Cooper, and Polly his wife, George N. Cooper and Charles D. Deming, on the same day jointly executed and delivered to Robbins a mortgage deed of divers parcels and tracts of land, some of which were wholly the property of one of the signers of the deed and some the property of others. The petitioner is now the owner of the note. The deed specifically sets forth the location, the boundaries, the names of abutting owners, and the number of acres contained in, and the names of, the several tracts of land. Of none of these was Lois Scott, one of the respondents, the owner; but she did then own in her own right a tract of woodland containing about fifty-three acres, situated in the town of Canaan. This tract is neither connected with, nor adjacent to, nor necessary to the use and enjoyment of, any of the tracts of land described in the deed, and is not mentioned or referred to therein unless included in the following clause, which follows the detailed descriptions, viz: "Also all such other lands and real estate as we, the said grantors, or either of us, own, or have any interest in, situate in said town of Canaan; reference being at all times had to the land records of said Canaan and to the probate records for the district of Sharon, for more particular description of the same."

Whatever might be held with regard to the sufficiency of such a description in an ordinary deed intended merely to convey title, yet we think such a general description clearly insufficient in the case of a mortgage. It is a fixed principle of our law that mortgage deeds should give subsequent creditors of the mortgagor definite information as to the debt due to the mortgagee and as to the particular property pledged for its payment. It is only by knowing what the property is that

they can learn its value, and it is as important to them to know its value as to know the amount of the debt for which it is mortgaged; and they are entitled to the assistance of the law of registration in obtaining this information. To be told that the mortgage covers all the real estate which the grantor owns in the town of Hartford is to impose upon them the examination of many thousand pages of records; for it is to be borne in mind that the grantor himself may have received his titles by the same general description and from many different grantors. The recognition by the courts of such a mortgage as valid would be equivalent to the abrogation of the recording system, so far as mortgages are concerned. It is not unreasonable to require of the mortgagee that his deed should mention a name, or a locality, or point to a monument, or to a particular deed, or refer to some book or page. It would be only his proper contribution to the upholding of a system which confers great benefits upon the public.

We are of opinion therefore that the general description in this mortgage was not sufficient to convey the interest of Mrs. Scott, the owner, to the mortgagees. We are not prepared to say that we should apply the same rule without qualification to a deed that was intended only as a conveyance of title. The policy of our law with regard to the definite information to be given to creditors and purchasers by mortgages, does not apply to ordinary conveyances. Here however comes in the policy of the law with regard to records of titles, which is applicable to all recorded conveyances whether by absolute deed or by mortgage. In *North* v. *Belden*, 13 Conn., 380, this court said: "It has ever been the policy of our law that the title to real estate should appear upon record, that it might be easily and accurately traced. This policy has added greatly to the security of our land titles and has prevented much litigation which would otherwise have arisen." And Swift, in his Digest, Vol. I., p. 122, lays it down that "it is essential that the land to be conveyed should be so located, butted, bounded and described in the deed as that it can be known where it lies and be distinguished from any other tract of land, or there must be such reference to some known and

certain description as will reduce the matter to certainty." If we were to give judicial sanction to this form of conveyancing we should practically put an end to the recording system. If we say that such general language, following as here a particular description, does more than strengthen and secure what has gone before it; that it is sufficiently descriptive to support a distinct and independent grant of additional estate, and that it meets the requirements of that system, we should establish a precedent upon which grantees would hereafter rely and from which the court would find it difficult to recede. After a succession of such conveyances land records would cease to furnish any information; the same confusion would result as would come from the removal of all fences, merestones and other monuments, which indicate the location of separating lines.

The rule of law which declares that to be certain which can be made certain is not complied with in such a deed. The rule demands a reference and pointing to particular documents or records. If we say that such a reference is sufficiently explicit for the town of Canaan and the probate district of Sharon, we say that it is proper for the town and probate district of Hartford, with its fifty thousand pages of records. A search through and an examination of these does not come within any reasonable interpretation of the rule.

We are aware that courts have confirmed grants made in this general form; for instance, in 1814, in *Jackson* v. *De Lancey*, 11 Johnson, 365, the court subjected to the operation of a deed made in 1770 a tract of land which was no otherwise described therein than in the following clause: "and all other lands, tenements and hereditaments belonging to said William Alexander, Earl of Stirling, within the Province of New York." This was made to rest upon the principle that grantors and grantees may make and take such conveyances as are satisfactory to themselves; and the principle is doubtless deduced from English decisions made without reference to any system of recording the transfer of title to real estate; made in cases where there was an actual delivery of possession by the grantor to the grantee in the presence of freehold-

ers of the county. This gave actual notice to the public and stood in the place of constructive notice by a record; the open corporeal investiture, upon the land itself, was equivalent to a record of specific boundaries. And the principle is not of universal application; as a matter of fact the law does put some limitations upon the freedom of grantors and grantees in the matter of transferring the title to real estate; for instance, there must be two witnesses to the signature of the grantor; he must acknowledge that it is his free act or deed before a magistrate; and the magistrate must certify to this fact. These may be considered as invasions of the absolute right of the owner to make the conveyance in a form satisfactory to himself.

But as it is not necessary to the disposition of the case that we decide this point, we leave it open for future consideration if any case shall arise that shall call for a decision of it.

We are of opinion that the mortgage in question did not convey to the petitioners any title to or interest in the lot of land belonging to Mrs. Scott, and that there is error in the judgment complained of.

In this opinion CARPENTER and GRANGER, Js., concurred. PARK, C. J., and LOOMIS, J., dissented.