50  659
51  235

CARPENTER PAPER COMPANY, APPELLEE, V. J. C. WILCOX ET AL., APPELLANTS.

FILED FEBRUARY 16, 1897.   No. 7051.

1. Mortgages: DESCRIPTION: MISTAKE: REFORMATION. A mutual mistake in the description of property mortgaged is sufficient to justify the reformation of the instrument by a court of equity, not only as against the mortgagors, but also as against purchasers under them chargeable with notice of such mistake.

2. Bona Fide Purchasers. A *bona fide* purchaser of land is one who purchases for a valuable consideration, paid or parted with, without notice of any suspicious circumstances to put him upon inquiry.

3. Mortgages: ERRONEOUS DESCRIPTION. A mortgage of real estate will not be invalidated by reason of an error in the description of the property in case the remainder of the description, after rejecting the erroneous portion, is sufficiently definite to enable the land to be located. (*Hubermann v. Evans*, 46 Neb., 784.)

4. ———: REFORMATION: EVIDENCE. Evidence examined, and *held* sufficient to justify the reformation of a mortgage on the ground of a mutual mistake in describing the property intended to be incumbered.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Affirmed.*

*David Van Etten* and *Sherman Wilcox*, for appellants.

*L. D. Holmes* and *Byron G. Burbank, contra.*

Norval, J.

This was an action in equity to reform a mortgage on the ground of an alleged mutual mistake in said mortgage, and for a decree of foreclosure thereon as reformed. A decree was entered in favor of plaintiff, from which defendants appeal. A reformation of the instrument was asked for on the ground of an alleged mistake of the scrivener in describing the property intended to be incumbered. The decree is assailed on the ground that it is unsupported by the evidence. The proofs submitted on the trial tend strongly to establish the following facts: Jeremiah C. Wilcox, one of the defendants, on the 20th day of October, 1891, executed and delivered to plaintiff his promissory note for $5,966.28, due in eight months thereafter, with interest at ten per cent, and the payment thereof was to be secured by a real estate mortgage. At that time said Wilcox was the owner of the following described real estate situate in Douglas county, to-wit: "Commencing at a point 852 feet north and 425 feet east of the quarter-section corner, on the west line of section 34, township 15 north, range 13 east, being on the south side of Green street, thence south 134½ feet; thence east 175 feet; thence north 134½ feet; thence west 175 feet to the beginning, being a tract on the east side of Twenty-third street and the south side of Green street. Also a piece of land described as follows: Commencing at a point 247½ feet south of the northwest corner of the tract last above described, thence south 130 feet; thence east 175 feet; thence north 130 feet; thence west 175 feet to the beginning, being a tract of land fronting on Boulevard street." Pursuant to said agreement, on the same date the said Wilcox and Perlia J. Wilcox, his wife, by her attorney in

fact, the said Jeremiah C. Wilcox, executed a mortgage to secure the payment of said promissory note, the premises being described in said mortgage as above set forth, with the exception that the number of the section was designated as "3" instead of "34." The mortgage was prepared by L. D. Holmes, plaintiff's attorney, and it is insisted that he inadvertently described the premises as lying in section 3 when in lieu thereof section 34 should have been written in the mortgage. There is no pretense that Mr. Wilcox owned any land in section 3 of the town and range mentioned in the mortgage, and he testified that he did not own any real estate therein, while he was then the owner of the property here in dispute, situate in the said section 34. No disinterested person can read the testimony contained in the bill of exceptions without reaching the conclusion that there was a mutual mistake in describing the premises in the mortgage. It would be a reflection upon the integrity of Mr. Wilcox to hold that he intentionally mortgaged property he did not own,—an imputation not warranted by the evidence before us. The record discloses that Mr. Wilcox furnished plaintiff, prior to the drafting of the mortgage, an abstract of the title of the property upon which security for the payment of the note was to be given, and to which abstract was attached a plat of the premises, showing their location as described in the mortgage with the single exception that the number of the section was stated on the plat to be "34" instead of "3." This abstract and plat were produced by the plaintiff on the trial and introduced in evidence, and they have been preserved by the bill of exceptions. Mr. Wilcox, although examined as a witness, did not deny in his testimony that an error was made in the description by the draftsman of the mortgage. That the mistake as contended was made we entertain no doubt. That the description of the premises in a mortgage may be reformed by a court of equity on the ground of mutual mistake of the parties is firmly established by the adjudications of

this court. (*Palmer v. Windrom*, 12 Neb., 494; *Parker v. Starr*, 21 Neb., 680.) It is unnecessary to cite the decisions of the courts of our sister states affirming the same doctrine.

It is urged that the decree as to Perlia J. Wilcox should be reversed—First, because she never authorized her husband to affix her name to the mortgage in controversy; and second, that, she not having been present when the instrument was executed, the error in the description was not a mistake with which she is chargeable. Neither of the contentions is well founded. It is undisputed that Mr. Wilcox, at the time the mortgage was given, held a general power of attorney from his wife, duly executed by her, authorizing him, among other things: "To incumber, by mortgage or otherwise, all or any part of any real estate, or any interest therein, I have or ought to have in the state of Nebraska." This conferred ample authority upon Jeremiah C. Wilcox to execute a mortgage in the name of Mrs. Wilcox, upon any part of her real estate in this state, or in which she had any interest. If she had no interest whatever in the property in controversy, as insisted in the brief, clearly she is not prejudiced by the decree. It is unimportant that Mrs. Wilcox was not present when the mortgage was given. The mistake of her attorney in fact is, in law, her own. The error in the description as between the parties to the mortgage should be reformed.

There remains to be considered the question whether the mortgage can be corrected as against the defendants, the South Side Real Estate & Building Company, a corporation, and Sherman Wilcox. The latter is a son of the said Jeremiah C. and Perlia J. Wilcox. The answer admits that the three Wilcoxes were the exclusive stockholders in the said company. Subsequent to the execution, delivery, and recording of the mortgage under consideration, the said Jeremiah C. Wilcox and his wife conveyed to the said South Side Real Estate & Building Company, subject to existing incumbrances of record, the

real estate intended to be covered by said mortgage. While a mutual mistake will not be corrected in equity as against innocent third parties, it is the settled law that a mistake in the description of the premises in a mortgage or deed will be reformed not only as against the parties to the instrument but also as against subsequent purchasers chargeable with notice of such mistake. (*Gouverneur v. Titus*, 6 Paige Ch. [N. Y.], 347; *Whitehead v. Brown*, 18 Ala., 682; *Wall v. Arrington*, 13 Ga., 88; *White v. Wilson*, 6 Blackf. [Ind.], 448; *Simmons v. North*, 3 S. & M. [Miss.], 67; *Strang v. Beach*, 11 O. St., 283.) Applying the foregoing rule to the facts in the case it is obvious that the mortgage can be reformed as against the South Side Real Estate & Building Company, since it was not a purchaser of the real estate for value without notice of the imperfection in the description in the mortgage. It was established on the trial beyond dispute that one of the tracts intended to be mortgaged to plaintiff is bounded on the north by a public highway known as "Green street," and on the west by a public thoroughfare known as "Twenty-third street;" that the other piece is also bounded on the west by said Twenty-third street, and on the south by Boulevard street; that both Green and Boulevard streets have been for many years, and were, at the time the mortgage was given, used by the traveling public as highways, and recognized as streets. Rejecting entirely the portion of the description contained in the mortgage which was untrue, namely, the number of the section, and the remainder of the description therein contained was sufficiently definite to render the point of commencement and the location of the premises susceptible of ready ascertainment by any one acquainted with the locality, or by a competent surveyor, and to have charged any purchaser of the property with notice which the record of this mortgage afforded. The description as written in the mortgage, after rejecting the erroneous portion thereof, as we must, under the rule laid down in *Hubermann v. Evans*, 46 Neb., 784, and *Woods v. Hart*, 50

Neb., 497, clearly shows that the starting point for the
location of the first tract mentioned in the mortgage is
the east intersection of Twenty-third street with the
south line of Green street, and that said tract extended
thence east 175 feet along the south side of said street,
and also extended from said initial point south 134½ feet
along the east side of said Twenty-third street.   There
is no difficulty in locating the second piece, from the de-
scription as written in the mortgage, since it is described
by courses and distances as "commencing at a point 247½
feet south of the northwest corner of the tract last above
described,   *   *   *   being a tract of land fronting on
Boulevard street."   The mortgage contained a sufficient
description of the property to prevent the South Side
Real Estate & Building Company from becoming an in-
nocent purchaser of the property.   Besides, it was put
upon inquiry by the clause in the deed: "Subject to all
existing incumbrances of record."   Moreover, the record
fails absolutely to show that the company ever paid or
promised to pay a dollar for the land; therefore it is not
entitled to the protection which the law throws around a
*bona fide* purchaser for value.   (*Veith v. McMurtry*, 26 Neb.,
341; *Savage v. Hazard*, 11 Neb., 323.)

As to the defendant Sherman Wilcox, it is sufficient to
say that he is not a purchaser of any portion of the prop-
erty in controversy, inasmuch as he is merely a stock-
holder in the South Side Real Estate & Building Com-
pany, and whether he paid value for his stock is not
important to the question before us.   The decree is right
and is accordingly

AFFIRMED.