Miller v. Vanicek;

REVERSED.

Thomas J. Miller, appellee, v. Frank Vanicek, appellee: Frank J. Pimper, Intervener, appellant.

Filed July 20, 1921. No. 21664.

1. **Vendor and Purchaser:** Bona Fide Purchaser. A *bona fide* purchaser of land is one who purchases for a valuable consideration paid or parted with, without notice of any suspicious circumstance which would put a prudent man upon inquiry.

2. ——: Contract: Reformation. Where it is shown by clear, satisfactory, and convincing testimony that a mutual mistake in the description of property in a contract of sale has been made, a court of equity will reform the instrument so as to reflect the real contract between the parties; and this rule will also be ap-

plied as against a third party purchaser chargeable with notice
of such mistake.

3. ———: ———: MISTAKE: EVIDENCE. Evidence examined, and
*held* that the intervener was not a *bona fide* purchaser; that he
was charged with notice of such facts as would put a prudent
man upon inquiry, and which, if followed up, would have dis-
closed that there was a mistake made in the contract in de-
scribing the land.

APPEAL from the district court for Holt county: ROBERT
R. DICKSON, JUDGE. *Affirmed.*

*Courtright, Sidner, Lee & Jones,* for. appellant.

*J. J. Harrington* and *J. A. Donohoe, contra.*

Heard before LETTON, ALDRICH, DAY and DEAN, JJ.,
GOOD, District Judge.

DAY, J.

Thomas J. Miller, the plaintiff, commenced this action
in the district court for Holt county, Nebraska, against
the defendant, Frank Vanicek, for the purpose of re-
forming a written contract for the sale of real estate,
entered into between the parties on July 8, 1919. The
petition alleged that the plaintiff and the defendant en-
tered into a contract whereby the plaintiff agreed to sell,
and the defendant agreed to buy, the S.W.¼ of section 5,
township 29, range 10, in Holt county, Nebraska; that by
a mutual mistake of the parties and the draftsman the
land was described as being in range 11, when it should
have been range 10. The specific reformation asked was
to have the contract read "range 10," instead of "range
11," and to have the purchaser's name spelled correctly.

Frank J. Pimper intervened, alleging that he was inter-
ested in the result of the controversy adversely to the
plaintiff. He further alleged that on August 28, 1919, he
entered into a contract with the defendant to purchase
the S.W.¼ of section 5, township 29, range 11, in Holt
county, at the agreed price of $70 an acre, $1,000 of which
was paid at the time of the making of the contract; that

at the time he examined the contract between the plaintiff and the defendant, and relied upon the same as containing a correct description of the land purchased by the defendant; that of the $1,000 paid by him to the defendant $400 was paid by the defendant to the plaintiff as a part of the purchase price upon defendant's contract with plaintiff. The intervener prayed that the reformation of the contract be denied, or, in the event a reformation was decreed, that the plaintiff be required to pay intervener $1,000 with interest from August 28, 1919, and also the further sum of $1,600 as damages.

The reply of the plaintiff to the petition of intervention alleged that prior to the making of the contract between intervener and defendant, and prior to the paying of any part of the purchase price, the intervener examined the land described in his contract and ascertained facts sufficient to put him on inquiry, which would have disclosed the mistake in the description of the land.

The trial court found the issues in favor of the plaintiff; entered a judgment reforming the contract as prayed; and dismissed the intervener's petition. From this judgment the intervener has appealed.

It appears that on July 2, 1919, the plaintiff contracted to purchase of one C. M. Daly the S.W.¼ of section 5, township 29, range 10, in Holt county; that shortly thereafter the plaintiff entered into negotiations with the defendant to sell the above described premises  At that time the defendant was shown on a plat the location and description of the land, was informed of the nature of the improvements thereon, and the distance from O'Neill, the county seat.  The parties then entered into a contract which was to be left in escrow at the bank until such time as the defendant could examine the property.  It further appears that shortly thereafter the defendant examined the land so described in range 10, and expressed himself as being entirely satisfied therewith, and thereupon paid $600 of the purchase price; that through a mistake of the scrivener the land was described in the contract as being

situated in range 11. It is perfectly clear that the plaintiff and defendant in making their contract had in mind only the land located in range 10. No disinterested person can read the testimony without coming to the conclusion that the land which the plaintiff sold and the defendant purchased was the S.W.¼ of section 5, township 29, range 10, and that there was a mutual mistake in describing it as being in range 11. Under the facts shown a court of equity could do no less than to reform the written instrument as between the plaintiff and defendant so as to reflect the real contract between the parties.

We come now to a consideration of the issue presented by the petition of intervention, which turns upon whether the intervener is to be regarded as a good-faith purchaser. If he was, then, notwithstanding the mutual mistake of the plaintiff and defendant in drafting their contract, a court of equity would refuse to reform the contract, or, if it did order a reformation, would amply protect the intervener's rights. A *bona fide* purchaser of land is one who purchases for a valuable consideration paid or parted with, without notice of any suspicious circumstance which would put a prudent man upon inquiry. *Carpenter Paper Co. v. Wilcox,* 50 Neb. 659. No doubt the general rule is as argued by the intervener, that a mutual mistake will not be corrected in equity as against the rights of innocent third parties. But it is also the settled rule that mutual mistakes in the description of land in written instruments will be reformed, not only as against the parties to the contract, but also against subsequent purchasers chargeable with notice of the mistake. *Carpenter Paper Co. v. Wilcox,* 50 Neb. 659.

Without attempting to quote at any length the testimony, it is fairly shown that intervener resided at Howells, a short distance from Dodge, where the defendant lived. Intervener for several years had been engaged more or less extensively in selling land in Holt county for one McKillip, who had a large quantity of land for sale in that county, and in this manner intervener became

familiar with the value and character of land in that county. The defendant, being desirous of selling his land, and learning that intervener was selling land in Holt county, called upon the latter for the purpose of securing his assistance in disposing of defendant's land. At first intervener told the defendant that there was no use trying to sell any land that Miller had sold because he always sold too high. Before parting, however, it was agreed that defendant was to send to intervener a description of his land, and intervener then said that the next time he was up in Holt county he would look it up. Upon receiving the description of the land from defendant, intervener examined a plat which he had of Holt county, and immediately wrote to the defendant to send him his original contract for inspection. Upon receiving the original contract he immediately went to Dodge and entered into a contract with the defendant to purchase the land described therein, agreeing to pay an advance of $5 an acre above the price paid by the defendant. It was agreed that the papers were to be left in escrow at the bank until intervener could personally examine the premises. Shortly thereafter intervener, in company with Mr. Hrabak, a banker of Howells, and also a real estate agent who had been selling land for McKillip, and a third party, visited the premises and inspected the land. Intervener ascertained that the W.½ of the quarter section had valuable improvements thereon, and was in the possession and occupancy of a Mr. Page. In order to satisfy himself of the location, he secured from Mrs. Page a tax receipt which disclosed the location to be the W.½ of the S.W.¼ of section 5, township 29, range 11. There was a large field of alflafa growing upon the west eighty; a line fence separated the east and west eighties of the quarter section. It was also shown that the land described as being in range 11 was worth approximately $120 to $125 an acre. It also appears that the selling agents of McKillip were each furnished with a plat of Holt county upon which the McKillip land was indicated in dark colors. One of the

plats in evidence shows McKillip to be the owner of the S.E.¼ of section 5, township 29, range 11, and also the east eighty of the S.W.¼ of section 5, township 29, range 11. While the testimony is not entirely clear that the plat which intervener examined was the McKillip plat, the inference is very strong that it was. If it was, he would have seen at once that a part of the land which he was purchasing was owned by McKillip. It is also shown that Mr. Hrabak knew that the S.E.¼ of section 5, township 29, range 11, had been owned by a man residing in Howells, and that a short time prior to this inspection of the land the owner had sold it to McKillip. The intervener thereupon filed his contract for record, and on returning went immediately to defendant, told him that he was satisfied with the land, and paid $1,000 upon the contract. The defendant thereupon paid the plaintiff $400 out of this $1,000 upon his contract.

Without entering further into the details of the evidence, in our view the intervener was charged with ample notice which would have put a prudent man on inquiry, and which, if followed up, would have disclosed that there was a mistake in the description of the land.

Under the facts as disclosed by the record, we are convinced that the intervener is not a *bona fide* purchaser, and that, therefore, the trial court was right in dismissing his petition of intervention.

The judgment is

AFFIRMED.