BROOKS BANK AND TRUST COMPANY, ADMINISTRATOR, *vs.* JAMES DINEEN ET ALS.

First Judicial District, Hartford, May Term, 1922.

WHEELER, C. J., CURTIS, BURPEE, KEELER and KELLOGG, Js.

In this State land mortgaged must be described with reasonable certainty, so that it may be identified and distinguished from other real estate. This may be done directly, or by reference to other recorded deeds or documents which contain the requisite information.

Where land mortgaged is described merely by name, such, for instance, as the "Tucker lot," evidence *aliunde* is admissible to identify the tract and fix its limits; but such evidence unless reasonably certain and precise, is of no avail to eke out the otherwise insufficient description by name contained in the deed.

In the present case three tracts of land were mortgaged, two of which were *held* to be described with sufficient certainty and one tract to be insufficiently described.

Argued May 2d—decided July 7th, 1922.

SUIT to foreclose a mortgage of real estate, brought to the Superior Court in Litchfield County where a demurrer to the complaint, and a motion to expunge, were overruled (*Wolfe, J.*) and the cause was afterward tried to the court, *Webb, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error in part and cause remanded.*

*Leonard J. Nickerson,* for the appellants (defendants).

*William M. Foord,* for the appellee (plaintiff).

KELLOGG, J. The plaintiff is the administrator of the estate of Samuel S. Miles, late of Goshen, deceased, and assignee of the note and mortgage in question. The defendants are the heirs at law of the mortgagor, Patrick Dineen, of Cornwall.

On November 1st, 1898, the said Patrick Dineen executed and delivered to Victory C. Beers, of said Cornwall, a note for $1,300, secured by mortgage deed, of even date therewith, of a certain farm with buildings thereon, situated in said Cornwall, and described as follows: "it being the same farm and land deeded by Samuel S. Reed to Willard C. Stone and Minerva Harris by deed bearing date of December 17th, 1883, and recorded in Cornwall Land Records in Vol. 22 page 150, and deed to me by said Stone and Harris by deed bearing date April 1st, 1893, and recorded in Cornwall Land Records Vol. 22 page 287, reference to said deed for more particular description."

The deed from Reed to Stone and Harris, referred to in the above description, describes "a certain farm of land situated in said Cornwall and is all the land deeded to me by Hezekiah C. Gregory by deed dated the 21st day of November 1854 and recorded on Cornwall Land Records, Vol. 17 page 206. Also all the land deeded to me by Edwin and Edwin D. Benedict by deed dated the 13th day of April 1863 and recorded on Cornwall Land Records Vol. 19 Page 247. Also all the land deeded to me by Hall & Studley by deed dated the 22nd day of January 1869 and recorded in Cornwall Land Records Vol. 20 Page 487 with all the buildings thereon. Reference to said deeds may be had for a more full description of said premises."

This description contains three separate tracts of land, referring to the following volumes and pages of the Cornwall Land Records, viz: Vol. 17, page 206; Vol. 19, page 247; and Vol. 20, page 487.

Volume 17, page 206, describes a tract of 125 acres, and by mesne conveyances refers to Vol. 14, page 391, where this tract is described as "a certain tract of land situated in said Cornwall and bounded as follows, viz. South on Curtiss Beers land, East on said Beers

land, North on land belonging to the heirs of Seth
Pierce, deceased, and Abel C. Curtiss land, west on
Gideon P. Pangman and Uriah Waterbury land, re-
serving for public use a highway running through the
same, it being the same farm that was willed to me by
Josiah Hopkins, late of Cornwall, deceased, contain-
ing about one hundred and twenty-five acres more or
less."

Volume 19, page 247, describes "a certain piece of
land situated in said Cornwall and described as follows:
Bounded on the South East by Highway, and on the
South West on land of said Samuel S. Reed, on the
North West by land of the estate of Judson Wells, and
on the North East by land of E. D. Benedict contain-
ing five acres more or less."

It is required in this State that a mortgage deed
shall describe the property mortgaged so that it can
be distinguished from any other tract; or there must be
such a reference to some certain description as will
reduce the matter to a certainty.   "One principle
seems to be definitely settled, that the real nature of
the transaction, so far as it can be disclosed, must ap-
pear upon the record, with reasonable certainty; and
if the deed does not actually give notice of any con-
dition or other circumstance, which might be important,
it should at least point out a track, which the enquirer
may pursue to obtain it." *North* v. *Belden,* 13 Conn.
376, 380; *Stoughton* v. *Pasco,* 5 Conn. 442; *Shepard* v.
*Shepard,* 6 Conn. 37.

"The rule demands a reference and pointing to
particular documents or records." *Herman* v. *Deming,*
44 Conn. 124, 127.   "There must be a subject-matter,
or something contracted for, and sold, which must be
sufficiently and properly described.   Thus it is essen-
tial that the land intended to be conveyed should be
so located, butted, bounded, and described in the deed,

as that it can be known where it lies, and be distinguished from any other tract of land; or there must be such reference to some known and certain description, as will reduce the matter to a certainty. Thus a reference in one deed to some other deed or thing, by which the description can be known with certainty, is sufficient; for *id certum est, quod certum reddi potest.*" 1 Swift's Digest, p. 122.

Upon this authority it is quite clear that if a mortgage upon either the one hundred and twenty-five acre tract or the five-acre tract, hereinbefore described, or upon both together, were sought to be foreclosed, a valid judgment could be rendered and a decree of foreclosure entered.

As to the third piece there seems to be an entirely different situation. This is the tract of land deeded to Samuel S. Reed by Charles Hall and George Studley, and referred to and described in Vol. 20, page 487, Cornwall Land Records, as "about ten acres of land more or less, situated in Cornwall aforesaid, known as the 'Tucker Lot.' Also all the land we own lying between the said Tucker Lot and the Thomas Harris lot so called." It is also claimed by the plaintiff that the land described in said deed to Reed from Hall and Studley, was a part of land deeded to the said Hall and Studley by Flora A. Wells by deed recorded in the Cornwall Land Records, Vol. 19, p. 488. The description of this tract is "about two hundred and ninety acres of land, with buildings on the same situate in said Cornwall and known as the Pangman farm, bounded northerly on heirs of Hercules W. Bierce, Easterly on Samuel S. Reed and others, Southerly on Amos Waterbury, and Westerly on Housatonic River."

Our law requires that the land conveyed shall be described with reasonable exactness, so that from the records the title to the same may be accurately and

easily traced. It is "the policy of our recording system, that the title to all interests in land shall appear on the land records, so that they may be easily and accurately traced." *Whiting* v. *Gaylord*, 66 Conn. 337, 349, 34 Atl. 85. "The policy of the law with regard to mortgages requires that they give definite information not only as to the debt secured but as to the property mortgaged." *Herman* v. *Deming*, 44 Conn. 124. See also *DeWolf* v. *Sprague Mfg. Co.*, 49 Conn. 282. A mortgage based upon the tract deeded to Reed by Hall and Studley, as described above, would clearly come within the principle set forth in *Whiting* v. *Gaylord*, *Herman* v. *Deming*, and other cases, and it would seem impossible to determine this land and give a sufficient description thereof if it were sought to foreclose a mortgage upon this tract as thus described.

The court did not err, however, in admitting parol evidence for the purpose of determining and describing the land known as the "Tucker Lot," since this description may have designated a known piece of land which might be identified by oral proof. We quote and cite from a few of the many authorities upon this point. "Where the description of the premises is certain, no parol proof can be admitted to vary it, and show a different interest; but where the description is indefinite, or general, then extrinsic proof is admissible, to show the land intended to be conveyed." 1 Swift's Digest, p. 122. "It might be necessary, in such case as it frequently is, in others, when exactness of description is not introduced, to refer to other certain facts to ascertain the precise location of the estate conveyed, and the amount of the grantor's interest in it; and parol evidence will be admitted to give effect to such a deed, by applying it to its proper subject-matter." *Nichols* v. *Johnson*, 10 Conn. 192, 199. "Parol evidence of what was actually turned over

to and held by the distributee of real estate may be admissible, where the land is described in such general terms as to leave its proper limits open to question." *Watson* v. *New Milford*, 72 Conn. 561, 562, 45 Atl. 167. "The essential demand of the law, with regard to a deed's 'description' of the property intended to be conveyed or affected, is that from it such property may be identified with reasonable certainty. . . . Certainty of identification is the *desideratum.* A conveyance of a piece of land simply as Whiteacre or the 'Homestead Farm,' or the A, B tract, is adequate, when a known and distinguishable piece of land is thus pointed out." 2 Reeves on Real Property, § 1126. "The deed given in evidence by the defendant, and relied on as proof of title, specified no metes, bounds or measurements, but purported to convey land by a name or designation, 'the mill spot.' This is a proper mode of conveying land, which by reputation has acquired a proper name. But it necessarily calls for evidence *aliunde* to show where the 'mill spot ' was; and the same evidence, which proves the existence of such a place, is competent to prove its limits. . . . We think evidence to prove what particular piece of ground had acquired the name of the 'mill spot,' by a long established reputation, before and at the time the deed was executed, was competent to show what was intended by the name used, and that it was competent to show such reputation by parol evidence." *Woods* v. *Sawin*, 70 Mass. (4 Gray) 322, 323.

But all the parol evidence admitted by the court for the purpose of determining and describing the land known as the "Tucker Lot," is set forth in full in the evidence of one George H. Beers, and reads as follows: "As near as I can make out that Tucker Lot, from the description that I have heard, and by these deeds, it was a piece of land that lay on the west side

of what was originally the road leading from Cornwall Bridge to Kent up past the Dineen property and part of my property. That old road was discontinued probably 100 years ago or more. The road there was not in the present place where the traveled road is. It was on the west side. There was a piece on the west side of that where the road was discontinued." This neither proves, nor tends to prove, the limitations and boundaries of the "Tucker Lot," and there is therefore an insufficient description upon which to base a mortgage of this third piece deeded to Reed by Hall and Studley, and made a part of the original mortgage by reference to this deed through intermediate deeds.

We have, therefore, two tracts of land of one hundred and twenty-five acres and five acres, respectively, covered by the mortgage in question, which are described with sufficient certainty to enable one to determine the boundaries thereof, and one tract with an insufficient description. "A mortgage of real estate will not be invalidated by error in the description of the property conveyed, if, rejecting the erroneous part as surplusage, the remainder of the description is sufficiently definite to enable the land to be located with certainty." 27 Cyc. p. 1091; *Carpenter Paper Co.* v. *Wilcox*, 50 Neb. 659, 70 N. W. 228. See also *Gerald* v. *Gerald*, 31 S. Car. 171, 9 S. E. 792.

There is error in part and the cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.