MARGARET ELIZABETH BAUER LOVE ET AL., APPELLANTS, V.
PAUL E. FAUQUET, TRUSTEE, ET AL., APPELLEES.

166 N. W. 2d 742

Filed April 4, 1969.    No. 37085.

Hotz, Hotz, Moylan & Kellogg, for appellants.

Pierson & Pierson and Thomas J. Fitchett, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and KOKJER, District Judge.

WHITE, C. J.

This is an equity action by remaindermen beneficiaries to set aside a deed to defendant Stoehr executed by a testamentary trustee under a general unrestricted power of sale granted in the trust instrument. The district court sustained a motion to dismiss at the close of plaintiffs' case. We affirm the judgment of the district court.

The testamentary trust devised the 80-acre farm in trust for the life support and maintenance of Emma Bauer Egenberger, and granted the trustee general unrestricted power of sale of the farm on the consent of Emma. In 1961 Emma failed in a district court action to compel then trustee Davis to sell the farm. In 1962 defendant Paul E. Fauquet was appointed trustee. The liquid assets became depleted. On September 3, 1965, Fauquet, trustee, sold the farm to defendant Stoehr for $26,000 ($325 per acre) and the plaintiffs' own evidence undisputedly established this price as the fair and perhaps maximum price obtainable.

In the administration of the trust in county court, Fauquet filed no reports until December 1966. They are now filed and there is no evidence of breach of fiduciary duty in the handling or expenditure of the funds or any complaint by Emma, the life beneficiary. Fauquet, a lawyer, had prepared tax returns for Stoehr, Stoehr had purchased some insurance from him, and Stoehr was the tenant on the farm in question. Fauquet had been Emma's attorney in the action to force the sale, but since his appointment his only contact outside the trust has been preparing her tax returns. Other peripheral and trace contacts with the parties by Fauquet are without significance.

Seizing on the broad sweep of the principles of equity jurisdiction in scrutinizing and enforcing its trust juris-

diction (see John A. Creighton Home v. Waltman, 140 Neb. 3, 299 N. W. 261), the plaintiffs seek to void the sale. No case or authority is cited holding that the filing of late reports by a trustee automatically voids his otherwise proper or legal acts as trustee. There is not the remotest evidence of any conflict of interest; nor is there any act by the trustee relating to or affecting the sale or the price that could or did diminish the legitimate interest of the remainder beneficiaries. There is no evidence of mismanagement or fraud in the handling or disposition of the funds involved. Just how such purported mismanagement of the funds could have voided the sale of the real estate involved herein is not spelled out by the plaintiffs.

The supervision and review of the trustee's acts in handling the funds, and the maintenance and support of the life beneficiary, is a jurisdiction concurrently lodged in the district and county courts in the case of testamentary trusts. In re Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488. The remainder beneficiaries, if aggrieved by mismanagment or fraud in the disposition of the funds of the trust, have their remedy in county court. There is no evidence here that would warrant the exercise of that jurisdiction by the district court. District courts are reluctant to interfere with the county court's day-by-day jurisdiction and control of the administration of testamentary trusts because of the confusion resulting and other evils incident to divided responsibility and authority. On the other hand, the district court has exclusive jurisdiction over the title of real estate and the review of the power of sale granted by the testamentary trust. The trust here grants a general power of sale which may not be interfered with or limited by any of the remainder beneficiaries. The purpose of the trust was to provide for Emma, with residuals in the remainder beneficiaries. There is no evidence to warrant an interference on the grounds of fraud, overreaching, or that the sale was consummated otherwise than in full

compliance with the duty of loyalty by the trustee.

The record here reveals an understandable self-centered desire by the remainder beneficiaries to preserve the trust corpus intact and restrict Emma and the trustee to the income from the land during Emma's life. By its terms the trust permits and directs the invasion of its corpus to accomplish its objectives. The risk of a necessary invasion of the trust corpus is on the remainder beneficiaries and does not require pauperization of Emma. There is here at most a dispute as to the exercise of discretion in selling the land. The power to sell was vested in the trustee and beneficiary, subject to the reviewing discretion of the district court. By the terms of the trust it was not vested in or in any way controlled by the remainder beneficiaries. The price on its face appears ample and there is no suggestion of an inadequate consideration. There is no merit to plaintiffs' contention that there was either a breach of trust or any act of the trustee sufficient to authorize the court to disturb the trustee's express power of sale.

It also appears that defendant Stoehr's title is not vulnerable to attack since he is a bona fide purchaser for value under the evidence. In Miller v. Vanicek, 106 Neb. 661, 184 N. W. 132, it is said: "A bona fide purchaser of land is one who purchases for a valuable consideration paid or parted with, without notice of any suspicious circumstances which would put a prudent man upon inquiry."

In 54 Am. Jur., Trusts, § 270, p. 214 (1945), it is said: "Where the trustee, by the terms of the trust, has power to transfer or encumber property of the trust estate, *one dealing with him in good faith is not bound to go further and ascertain whether in fact the act of the trustee is justified,* and that no breach of trust is intended, unless the transaction in view of the trust relation is an unusual one. Where a general power of sale is given a trustee in a deed of trust to secure an indebtedness, a bona fide purchaser is not affected by

254

secret restrictions on the power to sell; and to entitle a purchaser from a trustee, having general power to sell for reinvestment or the like, to claim protection as a bona fide purchaser, no *duty rests upon the purchaser to see to the due application of the purchase money by the trustee.*" (Emphasis supplied.)

In IV Scott on Trusts (3d Ed.), § 284, p. 2342 (1967), it is said: "The beneficiaries of a trust have only an equitable interest in the trust property, and if the trustee transfers the property in breach of trust to a bona fide purchaser the transferee is entitled to hold the property free of the trust and is under no liability to the beneficiaries."

The applicability of the above authorities is apparent. The duty of inquiry and investigation urged by plaintiffs would effectively inhibit purchases, impede the sale of trust property, prevent a trustee from performing his duties and responsibilities in performing the express mandate of the trust, and rewrite the unrestricted terms of the power of sale granted in the testamentary trust.

The judgment of the district court in dismissing the action is correct and is affirmed.

AFFIRMED.