[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff to quiet title to disputed property bordering the plaintiff's property, for money damages, for removal of materials placed upon the property by the defendants and for the ejectment of the defendants from the property of the plaintiff. The action was withdrawn against all the defendants except defendants Peter Morosky and Marie Morosky. Peter Morosky is deceased, and is represented by defendant Marie Morosky, as executrix of the estate of Peter Morosky.
Although the plaintiff brought suit to quiet title, the evidence indicates that the location of the property lines between the properties of the plaintiff and the defendant is not in dispute. Both parties rely upon surveys which use the same common boundary lines. The defendant relies upon Exhibit A, "Site Development Made for Peter and Marie Morosky Old Colchester Road Oakdale, Connecticut Scale 1"=20' King Mullen Land Surveyors Aug 1985." The plaintiff relies upon Exhibit 3, Plan Showing Fill Encroachment Prepared for Marion Stanavage Old Colchester Road Montville, Connecticut Camp Land Surveyors, P.C. Scale 1=40' Date 8/8/90."
Exhibit 3 cites Exhibit A as a map reference and uses three iron pins set for Exhibit A as the determining points for the southerly boundary of the defendant's property and the northerly boundary of the plaintiff's property as the determining points for the same boundary line in Exhibit 3. Exhibit A indicates the length of such boundary line as 282.00 feet and Exhibit 3 indicates such length as 281.95 feet. The courses of such boundary line in Exhibit 3 vary slightly from the courses of such boundary line in Exhibit A.
The court finds that the southerly boundary line of the defendant and the northerly boundary line of the plaintiff is as set forth in Exhibit A. The minor differences in such boundary line between Exhibit 3 and Exhibit A are inconsequential. CT Page 1513
The defendant claims that the plaintiff does not have good title to her land because a quitclaim deed in the chain of title to the plaintiff from Stevens Associates, Inc. to Daniel Stanavage, dated February, 1977, and recorded in Montville Land Records in volume 130, at page 371, described the property as follows:
 A certain piece or parcel of land located in Montville Manor Subdivision, Montville, Connecticut, more particularly bounded and described as follows:
 All the land owned by the Grantor including lots and right of ways located in Montville Manor Subdivision.
 EXCEPTING THEREFROM the premises now used as a gas station.
The defendant's claim that this description is ineffective to transfer title is based upon the cases of Cake v. Peet, 49 Conn. 501 (1882), and Herman v. Deming, 44 Conn. 124
(1876). In both of these cases, however, the description of the property in question referred to all of the grantor's property in a specific town. The description in the present case refers to all of the grantor's property located in Montville Manor Subdivision, Montville, Connecticut.
A deed conveying all of the grantor's property or interests in a particular locality or subdivision of a town is sufficient if the locality or subdivision can be determined. See Lake Garda Improvement Association v. Battistoni,160 Conn. 503 (1971). In the present case testimony and exhibits offered into evidence clearly indicate that Montville Manor is a well-established and recognized subdivision is the Town of Montville. Therefore, the court finds that the description contained in the February, 1977, deed to the plaintiff's predecessor in title does not impair the plaintiff's title to her property.
In 1985 the defendant and her husband constructed an addition to a building located on their property. During the construction substantial amounts of fill were excavated from the construction site. The plaintiff claims that the fill CT Page 1514 present on her land as shown on Exhibit 3 was placed there during such construction at the direction of the defendant's husband. The defendant claims that any fill located on the plaintiff's property was placed there during the construction of a drainage canal by the Town of Montville and was on the plaintiff's property prior to the construction of the addition.
The testimony of the witnesses was very contradictory, with the plaintiff's witnesses stating that there was a gradual slope on the plaintiff's land up to the defendant's land prior to the construction and a very steep slope thereafter due to the fill and the defendant's witnesses stating that there was a steep slope due to fill on the plaintiff's land before construction.
Defendant's Exhibit A is determinative. Exhibit A was prepared for the defendant and her husband as a site development plan for the addition and shows a gradual slope from the plaintiff's property to the defendant's property. The court finds that fill was placed upon the plaintiff's property at the direction of the defendant's husband during construction of the addition.
The evidence is in dispute as to the amount of fill deposited on the plaintiff's property as a result of the construction of the addition. The plaintiff's expert estimated that 1435 cubic yards of fill were on the plaintiff's property and that it would cost $30,636.00 to remove the fill. The defense claimed that such estimate included fill located on the defendant's property and that the cost of removal is excessive.
The defendant further argues that the cost of removal of the fill is not the proper measure of damages, since the plaintiff did not offer any evidence as to diminution in value of the plaintiff's property. The defendant claims that where the cost of restoring property exceeds the value of the property, damages must be limited to the value of the property. Although the defendant's statement of law may be valid, in this case it is inappropriate because there is no evidence before the court to establish the value of the plaintiff's property. The court must, therefore, use as the measure of damages the cost to restore the plaintiff's property. CT Page 1515
Based upon the testimony and exhibits offered during the trial, the court enters the following orders:
 1. Judgment is entered in favor of the plaintiff against the defendant.
 2. The defendant shall pay to the plaintiff $996.00 on account of surveyor's fees.
 3. The defendant shall remove all fill presently situated on the plaintiff's property at the defendant's cost and expense, on or before September 1, 1994.
 4. If the defendant does not remove all of such fill on or before September 1, 1994, the defendant shall pay to the plaintiff the sum of $20,000.00, together with interest at the legal rate from the date of this judgment.
Hendel, J.