ARVEL LEE JUSTUS, *et al.*

*v.*

TROY DOTSON, *et al.*

(No. 13857)

Decided April 4, 1978.

*Robert Edward Blair*, for appellants.

*Ballard & Brumfield, G. David Brumfield*, for appellees.

NEELY, JUSTICE:

The appellants filed this civil action in the Circuit Court of McDowell County to obtain a right-of-way to

their property across appellee's property. The controlling legal principles in this settled area of property law are uncomplicated, and they have been thoroughly discussed in the recent case of *Berkeley Development Corp. v. Hutzler*, W. Va., 229 S.E.2d 732 (1976). In this appeal we are primarily concerned with the application of those legal principles to the facts presented in context of a motion for summary judgment granted by the circuit court. We reverse.

In their complaint the appellants gave the legal description of property owned by them and alleged that they acquired it from the appellees by deed of sale dated September 5, 1968. They alleged further that the appellees sold them only a portion of the land the appellees owned in the Bee Branch area of McDowell County, and that the appellees granted them no right-of-way or easement for ingress and egress across the portion of land they retained. As a result of these facts the appellants claimed to be completely isolated from West Virginia Secondary State Route ½ and demanded that the appellees grant them a right-of-way or easement for access to their property from Route ½. By way of defense, the appellees admitted that they conveyed no right-of-way or easement to the appellants, but denied that the appellants were completely isolated from Route ½.

Sometime after the pleadings were closed, the appellees moved for summary judgment, and filed an affidavit by appellee, Troy Dotson, with accompanying photographs, in support of the summary judgment motion. The appellants opposed the motion, and filed the affidavit of appellant, Arvel Lee Justus, in opposition. On the basis of the pleadings, affidavits, exhibits, and arguments of counsel the trial court, on June 24, 1976, entered summary judgment in favor of the appellees. Specifically, the trial court found that there was no genuine material issue of fact in dispute and that the appellants did have a reasonable means of access to their property.

The legal principles applicable to facts revealed in the record here are well stated in syllabus point 4, *Berkeley*

*Development Corp. v. Hutzler*, W. Va., 229 S.E.2d 732 (1976):

> Where one owns and conveys a portion of his land which is completely surrounded by the retained land or partially by the land of the grantor and the land of others, without expressly providing a means of ingress and egress, and where there is no other reasonable means of access to the granted land, the law implies an easement in favor of the grantee over the retained portion of the original land of the grantor.

This statement of the law, for purposes of our analysis, may be said to raise three questions of material fact for resolution in the civil action instituted by the appellants:

> 1) Did the appellees convey a portion of their land to the appellants without expressly providing a means of ingress and egress?

> 2) Was the appellants' land completely surrounded by the retained land or partially by the appellees' retained land and partially by the land of others?

> 3) Was there no reasonable means of access for the appellants to reach the land they purchased from the appellees?

An affirmative answer to all three of these questions would be required for the appellants to prevail on their complaint and obtain the relief sought.

The judgment order shows that the trial court did not misapprehend this statement of the law. Our review of the ruling below is therefore limited to the question of whether there were no genuine issues of material fact disputed in this case. A fair reading of the entire record leads us to conclude that the first two of the three factual questions posed above could be answered affirmatively without dispute. The parties were apparently in agreement at least to that extent. The real controversy here centers on the third factual question, namely whether the appellants had a reasonable means of ac-

cess to their property. The trial court's resolution of that question will bear some close examination.

The affidavit and exhibits filed in support of the summary judgment motion indicated that there was a crude, rough road across the appellee's property which all residents of the Bee Branch hollow, including the appellants, used to get to and from their property. This apparently was an old lumber company road which had been in use for many years, and which followed partly along the meanders of Bee Branch. The existence of such a road is not denied in the affidavit filed in opposition to the summary judgment motion. In fact, that affidavit actually acknowledges the road's existence by stating that the appellee, Troy Dotson, attempted to interfere with the appellants' use of the road and by stating that the residents of Bee Branch made various efforts to improve the road.

Although there was no dispute concerning the existence of a road leading to the appellants' property, there was considerable dispute concerning its character and condition. Both affidavits, as well as the exhibits, clearly showed that the road was crude, rough, and subject to flooding in bad weather. Whether the road was so bad as to be deemed an unreasonable means of access to the appellants' property was, however, a matter of fact not satisfactorily resolved by the various materials filed in the case; the appellants claimed it was unreasonable and the appellees claimed it was not. The trial court, answering the third of our factual questions above in the negative, decided the road did give the appellants reasonable access to their property. Implicit in the trial court's decision at the summary judgment stage was the finding that no material issue of fact was in dispute. The record before us demonstrates, however, that such a finding is clearly wrong. The trial court had no basis in undisputed fact for determining that the road provided the appellants a reasonable means of access to their property, and, accordingly the trial court erred in granting the motion for summary judgment.

Our holding in this case is on the technical point of summary judgment; we recognize that in the arguments of counsel further unreported evidence may have been adduced or further facts stipulated. We, however, do not have that evidence before us, and if the judge made a legal conclusion of what "reasonable means of access" means, we cannot review it. The law always contemplates an opportunity for appellate review, regardless of the nature of the issue.

*Reversed.*