ARVEL LEE JUSTUS, *et al.*

*v.*

TROY DOTSON, *et al.*

(No. 14899)

Decided December 2, 1981.

*Ballard & Brumfield and G. David Brumfield* for appellants.

*Robert Edward Blair* for appellees.

PER CURIAM:

This is an appeal by Troy and Claudia Dotson from a judgment of the Circuit Court of McDowell County requiring them to grant a twelve foot right-of-way across their land for the use of the appellees, Arvel Lee Justus and Nellie Ruth Justus. The appellants contend that the circuit court's order is contrary to the weight of the evidence and an erroneous application of the law of easements. We agree, and for the reasons set forth below, we reverse.

We previously considered certain aspects of this case in *Justus v. Dotson*, 161 W.Va. 443, 242 S.E.2d 575 (1978). In our previous opinion, circumstances surrounding the institution of this proceeding were adequately set forth. We therefore find it necessary to restate only those facts bearing upon our present holding.

In short, the appellees purchased a portion of the property owned by appellants by deed dated September 5, 1968. No express right-of-way for ingress and egress was granted by the appellants across their retained portion of the property. In 1975, the appellees instituted an action in the circuit court to obtain a right-of-way to their property across appellants' property, alleging that they were completely isolated from West Virginia Secondary State Route 1/2.

When this case was before us initially, we reversed an order of the circuit court which granted summary judgment in favor of the appellees in this proceeding. We reversed that summary judgment only because there were disputed issues of fact which were unresolved.

Our holding was "merely on the technical point of summary judgment" and we made no finding on the merits of the case. We did, however, set forth in Syllabus Point 1 the controlling legal principles in this area of property law:

" 'Where one owns and conveys a portion of his land which is completely surrounded by the retained land or partially by the land of the grantor and the land of others, without expressly providing a means of ingress and egress, and where there is no other reasonable means of access to the granted land, the law implies an easement in favor of the grantee over the retained portion of the original land of the grantor.' Point 4, syllabus, *Berkeley Development Corp. v. Hutzler*, W.Va., 229 S.E.2d 732 (1976)."

On the basis of our opinion, a trial was subsequently held in the circuit court. At the conclusion of the taking of evidence, the court entered an order finding that "there is a crude, rough road across the defendants' property and property of others which all residents of the Bee Branch Hollow, including the plaintiffs, use to get to and from their property. This is an old lumber company road which has been in use for many years, and which follows partly along the meanders of Bee Branch after fording Bull Creek. The road is so bad as to be deemed an unreasonable means of access to the plaintiffs' property. . . ." Applying the principles of *Berkeley Development Corp. v. Hutzler, supra,* the court held that the plaintiffs (appellees) would prevail and granted them a right-of-way across the appellants' property.

Although the circuit court applied the proper principles of law, we do not believe that the evidence supports the court's conclusion that the existing road was an unreasonable means of access to the appellees' property.

As the circuit court noted in its opinion, the existing road was an old lumber company road which all residents of the Bee Branch hollow use to get to and from their property. Although several of the plaintiffs' witnesses testified that the road was impassable when the water

was high and when ice froze during the winter, there was an abundance of evidence to the contrary.

The appellant, Troy Dotson, testified that: (1) it was only three or four times a year that water would prohibit the residents from using the road; (2) some sort of drain pipe would probably eliminate the problem of flooding; and (3) until approximately six years prior to institution of this suit by appellees, he used the same roadway as the other residents of the hollow. At that time he constructed a vehicular bridge across Bull Creek onto his property.

Several other witnesses testified that it was only two or three times a year that weather conditions made the lumber company road impassable.

It is clear from the record that the evidence relating to the condition of the existing road was conflicting. We recognize that what is reasonable access in a rural county of this State may be unreasonable to one living in a more urbanized area. It appears that the appellees found the existing road to be adequate for their needs for a number of years and that this action arose only after the appellants decided to build a "better" way of access to their property.

Viewing the record as a whole, we find that there was no substantial evidence that the existing roadway to the appellees' property was an unreasonable means of access. Accordingly, the judgment of the circuit court is reversed.

*Reversed.*