FORREST HANLON, *et al.*,

*v.*

DOROTHY L. BOWMAN, EARL L. CORBIN, *et al.*

(No. 15223)

Decided March 1, 1982.

*M. E. Mowery, Jr.,* for appellants.

No appearance for appellees.

PER CURIAM:

This is an appeal by Forrest Hanlon and others from a summary judgment rendered against them by the Circuit Court of Ritchie County in an action involving real estate. The appellants contend that material issues of fact remained in the case at the time of the entry of the court's order, and that summary judgment was thus improper. We agree, and we reverse the decision of the circuit court.

In November 1974 the appellants filed the complaint instituting the action now before us. In the complaint the appellants alleged that in 1970 James Hanlon and Nellie Lucille Hanlon (their predecessors in interest) had conveyed approximately 106 acres located in Ritchie County to Dorothy L. Bowman, one of the appellees, for $10,000.00 and the promise by Ms. Bowman to transfer to them shares of stock in a corporation which Ms. Bowman proposed to form to develop the property. They further alleged that Ms. Bowman had failed to transfer the stock as promised in consideration of the transfer and that she had subsequently, in breach of her trust and without authority, conveyed the property to Earl L. Corbin and H. Louise Corbin, the other appellees. The complaint also alleged that the Corbins knew of, or should have known

of, the arrangement which Ms. Bowman had with the Hanlons and inferred that the transfer was intended to defraud the Hanlons of their rights.

The Corbins filed an answer to the complaint in which they alleged that they had been bona fide purchasers of the land without notice. Subsequently, they moved for summary judgment. In support of their motion they filed affidavits in which they denied that they had been aware of the trust relationship which Ms. Bowman had had with the Hanlons. They also stated that as valuable consideration they had given $1000.00 for the property.

After receiving the affidavits the court conducted a hearing at which the appellants relied upon certain deeds, a real estate contract and the Corbins' answers to interrogations to counter the summary judgment motion. The court, upon considering the material presented, on August 30, 1978, granted the Corbins' motion for summary judgment and dismissed the appellants' action.

In the present appeal the appellants assert that the court erred in granting summary judgment.

Rule 56(c) of the West Virginia Rules of Civil Procedure provides that a trial court should grant a motion for summary judgment "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." And we have said:

> "A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syllabus point 6, *Aetna Casualty & Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963); *See*, Syllabus point 2, *Justus v. Dotson*, 161 W.Va. 443, 242 S.E.2d 575 (1978); Syllabus point 1, *Johnson v. Junior Pocahontas Coal Co., Inc.*, 160 W.Va. 261, 234 S.E.2d 309 (1977).

In the case before us we believe that the question of whether the Corbins actually knew of a fiduciary relationship between the Hanlons and Ms. Bowman material to the appellant's right to recover. Factually the meager record presented to the court suggested that Ms. Bowman was in the real estate business in Oxford, Ohio, as were the Corbins. It suggested that Ms. Bowman and the Corbins were involved in something other than an arm's length transaction. In *Masinter v. Webco Company,* _____ W.Va. _____, 262 S.E.2d 433 (1980) we discussed the problems surrounding summary judgment particularly in cases "where issues involving motive and intent are present." We said:

> "In complex cases, the tendency on a summary judgment motion is to rely on the facts developed through discovery as constituting all the relevant facts in the case. This may lead to inaccurate factual assessment." *Masinter v. Webco Company, supra,* at 436.

We concluded that in such cases where the trial court accepted discovery evidence as constituting the entire factual case and ignored material issues presented by the pleadings, summary judgment was improper.

The case before us is analogous to the *Masinter* case in that it involves knowledge of a fiduciary relationship, establishment of which is similar to establishment of motive or intent. Like the *Masinter* case, it is a complex case, and we believe that in it, as in *Masinter,* the trial court accepted post-pleading evidence as constituting the entire factual case. The court's ruling suggests that the court ignored key material issues.

Inasmuch as syllabus point 6 of *Aetna Casualty & Surety Co. v. Federal Insurance Co., supra,* requires that doubts as to existence of material issues be construed against the movant, we believe that the present state of the record in the case before us dictates that summary judgment was premature and should not have been granted.

Accordingly, the judgment of the Circuit Court of Ritchie County is reversed and this case is remanded for trial.

*Reversed and remanded.*