455 S.E.2d 561

**Jerry F. JORDAN, Administratrix of the Estate of Charles E. Jordan, Plaintiff Below, Appellee,**

v.

**RAVENSWOOD ALUMINUM CORPORATION, a Corporation; Steiner Corporation, an Ohio Corporation; Steiner Turf Equipment, Inc., an Ohio Corporation, Defendants Below, Appellees,**

**Fairplain Tractor Sales, Inc., a West Virginia Corporation, Defendant Below, Appellant.**

**No. 22306.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1995.

Decided Feb. 17, 1995.

Mark A. Bramble, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for appellant, Fairplain Tractor Sales, Inc.

Debra Hamilton, DiTrapano & Jackson, Charleston, for appellee, Jerry F. Jordan.

Gerald R. Stowers, Bowles, Rice, McDavid, Graff & Love, Charleston, for appellee, Ravenswood Aluminum Corp.

David L. Wyant and Shaun Peck, Shuman, Annand & Poe, Wheeling, for appellees, Steiner Corp. and Steiner Turf Equipment, Inc.

PER CURIAM:

This is an appeal by Fairplain Tractor Sales, Inc., from an order of the Circuit Court of Kanawha County granting one of the defendants in this wrongful death action, Steiner Turf Equipment, Inc., an Ohio corporation, summary judgment. On appeal, the appellant claims that there were material issues of fact which potentially would have supported judgment against Steiner Turf Equipment, Inc., and that, under the circumstances, summary judgment was improper. After reviewing the questions presented and the documents filed, this Court disagrees with the appellant's assertions. The judgment of the Circuit Court of Kanawha County is, therefore, affirmed.

On May 29, 1989, Charles E. Jordan, who was operating a Model ST–20 "Turfmaster" tractor manufactured by the Steiner Corporation, was killed when the tractor overturned in the course of Jordan's employment with Ravenswood Aluminum Corporation.

The Steiner Corporation had, on January 18, 1988, prior to the accident which killed Mr. Jordan, entered into an agreement with another corporation, Steiner Turf Equipment, Inc., whereby it transferred a portion of its operations, namely its tractor manufacturing, to Steiner Turf Equipment, Inc. It retained its other operations and assets and

continued in business as a corporation distinct from Steiner Turf Equipment, Inc.

After Mr. Jordan's death, his estate filed suit against the employer, against the appellant, Fairplain Tractor Sales, Inc., which had sold the tractor to the employer, and against the Steiner Corporation and Steiner Turf Equipment, Inc. In filing the action against the Steiner Corporation, the plaintiff apparently asserted that the tractor which overturned was negligently manufactured or designed. In asserting its claim against Steiner Turf Equipment, Inc., the plaintiff alleged that Steiner Turf Equipment, Inc., was a mere continuation or reincarnation of the Steiner Corporation and, as such, succeeded the Steiner Corporation's liability.

After the institution of the action, extensive discovery was conducted, and, at length, Steiner Turf Equipment, Inc., filed a motion for summary judgment.

In that motion, which the Court is unable to locate in the printed record filed in this appeal, Steiner Turf Equipment, Inc., apparently took the position that it had neither designed nor manufactured the tractor which had been involved in Charles E. Jordan's death; that that tractor had been manufactured by the Steiner Corporation, a wholly separate and distinct corporate entity; and that Steiner Turf Equipment, Inc., was not responsible for the liabilities of the Steiner Corporation.

The appellant opposed the motion for summary judgment on the theory that Steiner Turf Equipment, Inc., should legally be considered the successor and reincarnation of the Steiner Corporation and, thus, liable.

The Circuit Court of Kanawha County, on November 4, 1991, entered an order holding its ruling on the motion for summary judgment in abeyance for 150 days to allow additional discovery on the question of whether Steiner Turf Equipment, Inc., was liable as a successor of the Steiner Corporation. After additional discovery, the court, on February 10, 1994, granted Steiner Turf Equipment, Inc.'s motion for summary judgment. It is from this ruling that the appellant seeks relief.

■ In *Aetna Casualty & Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court discussed at some length the circumstances under which summary judgment could appropriately be granted in a civil action in West Virginia. In syllabus point 3 of that case, the Court stated its conclusions, as follows:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*See Lowery v. Raptis*, 174 W.Va. 736, 329 S.E.2d 102 (1985); *Karnell v. Nutting*, 166 W.Va. 269, 273 S.E.2d 93 (1980); *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978); and *Anderson v. Turner*, 155 W.Va. 283, 184 S.E.2d 304 (1971).

In *Davis v. Celotex Corporation*, 187 W.Va. 566, 420 S.E.2d 557 (1992), this Court discussed at considerable length the potential liability of a corporation that purchases the assets or a portion of the assets of a prior existing corporation. In syllabus point 2 of that case, the Court concluded:

At common law, the purchaser of all the assets of a corporation was not liable for the debts or liabilities of the corporation purchased. This rule has since been tempered by a number of exceptions and statutory provisions.

The Court then proceeded to discuss at some length the exceptions under which the successor purchasing corporation could be liable for the debts and obligations of the predecessor corporation. The Court expressed its conclusions in syllabus point 3, as follows:

A successor corporation can be liable for the debts and obligations of a predecessor corporation if there was an expressed or implied assumption of liability, if the transaction was fraudulent, or if some element of the transaction was not made in good faith. Successor liability will also attach in a consolidation or merger under W.Va. Code, 31–1–37(a)(5) (1974). Finally, such liability will also result where the successor corporation is a mere continuation or reincarnation of its predecessor.

■ The record, as developed in the present case, rather clearly shows that Stein-

er Turf Equipment, Inc., did not expressly or impliedly assume the debts or obligations of the Steiner Corporation when it purchased the tractor manufacturing assets of the Steiner Corporation. Paragraph 3(c) of the Asset Purchase Agreement specifically states:

[Steiner Turf Equipment, Inc.] does not assume, and shall not be obligated to pay, perform or discharge any debts, liabilities or obligations of [the Steiner Corporation] or related to [the Steiner Corporation's] operation of the Business prior to Closing of any kind or nature whether actual, contingent or accrued, known or unknown, including without limitation ... product liability claims with respect to any products manufactured or sold and/or services rendered prior to closing. . . .

Further examination of the documents filed prior to the entry of summary judgment fails to disclose that the transaction was in any way fraudulent or not made in good faith, or that Steiner Turf Equipment, Inc.'s purchase of the Steiner Corporation's tractor manufacturing operations was a consolidation or merger under W.Va.Code § 31–1–37(a)(5).

Therefore, it appears, and the parties in the present proceeding agree, that if Steiner Turf Equipment, Inc., is to be held liable as a successor corporation, it must be held liable under the final exception stated in syllabus point 3 of *Davis v. Celotex Corporation,* that is, where the successor corporation is a mere reincarnation of its predecessor.

In *Davis v. Celotex Corporation, supra,* this Court did not discuss the factors which could be considered in determining whether a corporation which purchased a portion of another corporation's assets was a mere continuation or reincarnation of the selling corporation. However, the factors that are to be considered are generally set out in 19 Am.Jur.2d *Corporations* § 2711 [1986], as follows:

[T]he mere continuation exception to the rule of nonliability envisions a common identity of directors and stockholders and the existence of only one corporation at the completion of the transfer.

The documents filed in the present case show that the Steiner Corporation trans-

ferred only a portion of its assets to Steiner Turf Equipment, Inc., and that it retained certain other assets and businesses. After the sale to Steiner Turf Equipment, Inc., the Steiner Corporation continued the businesses not sold. Therefore, at the completion of the transfer, two separate and distinct corporations existed.

Further, the evidence reveals that there was not a common identity of directors and stockholders in the Steiner Corporation and Steiner Turf Equipment, Inc., after the transfer of assets. The board of directors of the Steiner Corporation was made up of seven individuals—the six Steiner brothers and their father. After the purchase, one of the Steiners, Richard Steiner, served on the board of directors of Steiner Turf Equipment, Inc., but the other directors of Steiner Turf Equipment, Inc., were wholly separate from the directors of the Steiner Corporation. Further, none of the Steiner brothers or their father ever held any stock in Steiner Turf Equipment, Inc., and, with the exception of Richard Steiner, none of Steiner Turf Equipment, Inc.'s directors ever held any stock in the Steiner Corporation.

■ As previously indicated in 19 Am. Jur.2d *Corporations* § 2711 [1986], the principle consideration in determining whether one corporation is mere continuation or reincarnation of the other is whether only one corporation exists after completion of a transfer of assets and whether there is a common identity of directors and stockholders.

After reviewing the documents filed in the present case, we believe the evidence is clear and undisputed that more than one corporation existed after the Steiner Corporation's transfer of assets to Steiner Turf Equipment, Inc., and there was not a common identity of directors and stockholders. Steiner Turf Equipment, Inc., was not a mere continuation or reincarnation of the Steiner Corporation.

Under the circumstances of this case, summary judgment was appropriate.

Affirmed.