IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017 Term

_____

No. 16-0553

_____

**FILED**

**October 13, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

KOURT SECURITY PARTNERS, LLC, d/b/a SELECT SECURITY,
Petitioner

v.

JUDY'S LOCKSMITHS, INC.,
and JUDITH J. RANSOM, d/b/a
JUDY ALARM MASTERS
Respondents

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Tod Kaufman, Judge
Civil Action No. 09-C-1619

REVERSED AND REMANDED

_____

Submitted: September 19, 2017
Filed: October 13, 2017

Charles J. Kaiser, Jr., Esq.                    Charles E. Hurt, Esq.
Jeffery D. Kaiser, Esq.                          The Law Offices of Charles E. Hurt
Phillips, Gardill, Kaiser & Altmeyer, PLLC       Charleston, West Virginia
Wheeling, West Virginia                          Counsel for Respondents
Counsel for Petitioner

Justice Workman delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

2. "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

3. "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

4. "A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syl. Pt. 6, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

i

5. "A bona fide purchaser is one who actually purchases in good faith." Syl. Pt. 1, *Kyger v. Depue*, 6 W.Va. 288 (1873).

6. "Whatever is sufficient to direct the attention of a purchaser to prior rights and equities of third parties, so as to put him on inquiry into ascertaining their nature, will operate as notice." Syl. Pt. 1, *Pocahontas Tanning Co. v. St. Lawrence Boom & Mfg. Co.*, 63 W.Va. 685, 60 S.E. 890 (1908).

7. "That which fairly puts a party on inquiry is regarded as sufficient notice, if the means of knowledge are at hand; and a purchaser, having sufficient knowledge to put him on inquiry, or being informed of circumstances which ought to lead to such inquiry, is deemed to be sufficiently notified to deprive him of the character of an innocent purchaser." Syl. Pt. 3, *Pocahontas Tanning Co. v. St. Lawrence Boom & Mfg. Co.*, 63 W.Va. 685, 60 S.E. 890 (1908).

8. "One who claims the protection of a court of equity as a bona fide purchaser must show that he had acquired the legal title before notice or knowledge of facts equivalent to notice." Syl. Pt. 4, *Clark v. Lambert*, 55 W.Va. 512, 47 S.E. 312 (1904).

Workman, Justice:

ii

This is an appeal by Kourt Security Partners, LLC, d/b/a Select Security (hereinafter "the Petitioner") from a March 13, 2016, order granting summary judgment in favor of Judy's Locksmiths, Inc., and Judith J. Ransom, d/b/a Judy's Alarm Masters, (hereinafter "the Respondents"). The Petitioner contends the circuit court erred in granting summary judgment where genuine issues of material fact exist. Based upon this Court's review, we reverse the circuit court's grant of summary judgment and remand this case for further proceedings consistent with this opinion.

I. Factual and Procedural History

On April 1, 2008, the Respondents entered into an Asset Purchase Agreement with Secure US, Inc. (hereinafter "Secure US") and Serbian Fonz, LLC (hereinafter "Serbian"), companies owned by Mr. Mitchell Brozik (hereinafter collectively referenced as "the Brozik companies" or individually as "Mr. Brozik"). Pursuant to that agreement, the Respondents agreed to sell the assets of its business in Charleston, West Virginia, to the Brozik companies for the purchase price of $420,992.

The Brozik companies made installment payments under the terms of the agreement until sometime in early 2009. The Respondents thereafter initiated a lawsuit against the Brozik companies in the Circuit Court of Kanawha County, West Virginia, on September 1, 2009. Due to significant financial difficulties experienced by Secure US, Mr.

1

Brozik ultimately received assistance from his personal friend, Mr. Mylan Puskar. On December 26, 2009, the Mylan Puskar Amended and Restated Revocable Trust purchased the outstanding debt of Secure US in the amount of $3,500,000 and extended an additional line of credit in the amount of $900,000.

On October 6, 2011, the Respondents settled their civil action with the Brozik companies, and the companies agreed to pay the Respondents $191,000 over thirty-six months. The companies made those required payments until approximately March 2014.

In 2012, Mr. Brozik's aunt, Ms. Betty Parmer, agreed to assist Mr. Brozik with his companies' financial challenges by purchasing the debt of Secure US which had been held by the Milan Puskar trust for $2,500,000. Ms. Parmer thereafter claimed default against Secure US and moved to have its assets sold at auction. On May 5, 2012, Ms. Parmer purchased the assets in a secured party sale. Ms. Parmer thereafter retained another company owned by Mr. Brozik, MB Security, to manage the assets she had purchased. In May 2014, Ms. Parmer removed MB Security as manager of the former Secure US assets and instead retained the Petitioner to manage the assets.

On June 19, 2014, based upon the cessation of payments pursuant to the settlement between the Respondents and the Brozik companies, the circuit court awarded the Respondents $47,184.24 to be paid by the Brozik companies. This judgment became a lien

on July 25, 2014. In November 2014, Ms. Parmer sold the assets of Secure US to the Petitioner. Thereafter, in July 2015, the Respondents amended their complaint to add the Petitioner as a defendant.

The Respondents moved for summary judgment against the Petitioner on January 26, 2016. On March 1, 2016, the circuit court entered an order granting summary judgment to the Respondents in the amount of $48,730.97. The circuit court based its decision upon its finding that Ms. Parmer was aware of the Respondents' judgment against Secure US when the assets of that company were purchased by Ms. Parmer, even though the Respondents did not record an abstract of the judgment until a month after the Petitioner purchased Ms. Parmer's Secure US assets.

In granting summary judgment to the Respondents, the circuit court found "Defendant, Kourt Security Partners, cannot be considered as a bona fide purchaser for value, since it was well aware of all of the aforesaid actions, and participated in such actions." The circuit court further held:

> Betty Parmer transferred all of the assets of Secure US to Kourt Security Partners with the view of going out of business, and . . . nothing was left in Secure US to pay [the Respondents]. Certainly Kourt Security took the assets of Secure US "cum onere," which means that something is taken subject to a charge or burden.

3

The Petitioner now appeals, contending summary judgment was improper because (1) the judgment was entered against it without consideration of whether Ms. Parmer had knowledge and/or notice of the Respondents' lien or judgment encumbering the assets when she purchased them in May 2012; (2) the circuit court failed to consider statutes regarding writs of execution; (3) the circuit court failed to recognize that the May 2012 sale was commercially reasonable and extinguished all subordinate debt interests, including those of the Respondents; and (4) the circuit court made erroneous factual findings.

## II. Standard of Review

As this Court explained in syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), "[a] circuit court's entry of summary judgment is reviewed *de novo*." Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). This Court has also specified: "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). Utilizing these

4

standards as guidance, this Court addresses the propriety of summary judgment in this matter.

## III. Discussion

The Petitioner contends there are genuine issues of material fact which should have precluded summary judgment in this case. As this Court expressed in syllabus point six of *Aetna Casualty*, "[a] party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." 148 W.Va. at 162, 133 S.E.2d at 772, syl. pt. 6. Thus, it is apparent that the Respondents had the burden of showing that there was no genuine issue of material fact. Doubt will be resolved against the Respondents, as the party moving for summary judgment.

The status of Ms. Parmer as a bona fide purchaser is the primary controversy underlying the Petitioner's arguments. This Court has explained that a bona fide purchaser is:

> "'one who purchases for a valuable consideration, paid or parted with, without notice of any suspicious circumstances to put him upon inquiry.'" *Stickley v. Thorn*, 87 W.Va. 673, 678, 106 S.E. 240, 242 (1921) (quoting *Carpenter Paper Co. v. Wilcox*, 50 Neb. 659, 70 N.W. 228 (1897)). *See also Simpson v. Edmiston*, 23 W.Va. 675, 680 (1884) ("[A] bona fide purchaser is one who buys an apparently good title without notice of anything calculated to impair or affect it."); Black's Law Dictionary 1249 (7th ed.1999) (defining a bona fide purchaser as "[o]ne who buys something for value without notice of another's claim to the item or of any defects in the seller's title; one who has in

5

good faith paid valuable consideration for property without notice of prior adverse claims.").

*Subcarrier Commc'ns, Inc. v. Nield*, 218 W.Va. 292, 300, 624 S.E.2d 729, 737 (2005).

As this Court succinctly explained in syllabus point one of *Kyger v. Depue*, 6 W.Va. 288 (1873): "A bona fide purchaser is one who actually purchases in good faith." *See also Wolfe v. Alpizar*, 219 W.Va. 525, 530, 637 S.E.2d 623, 628 (2006) (finding status as bona fide purchaser for value without notice where "innocent purchaser" bought land in absence of "documentation of which [purchaser] could have or should have been aware that would have alerted her to the appellants' claims. . . ."). In syllabus point one of *Pocahontas Tanning Co. v. St. Lawrence Boom & Manufacturing Co.*, 63 W.Va. 685, 60 S.E. 890 (1908), this Court held: "Whatever is sufficient to direct the attention of a purchaser to prior rights and equities of third parties, so as to put him on inquiry into ascertaining their nature, will operate as notice." This Court continued in syllabus point three of *Pocahontas*: "That which fairly puts a party on inquiry is regarded as sufficient notice, if the means of knowledge are at hand; and a purchaser, having sufficient knowledge to put him on inquiry, or being informed of circumstances which ought to lead to such inquiry, is deemed to be sufficiently notified to deprive him of the character of an innocent purchaser." *Id.* at ___, 60 S.E. at 890, syl. pt. 3. In syllabus point four of *Clark v. Lambert*, 55 W.Va. 512, 47 S.E. 312 (1904), this Court also addressed this issue of notice and held: "One who claims the protection of a court

6

of equity as a bona fide purchaser must show that he had acquired the legal title before notice or knowledge of facts equivalent to notice."

Although the circuit court based its summary judgment order in this case upon the premise that Ms. Parmer had knowledge and appreciation of the circumstances under which she purchased the assets of Secure US and was consequently *not* a bona fide purchaser *without notice* of an adverse claim against the company, the Petitioner contends genuine issues of material fact exist on that issue.[1]  For instance, a judgment was not obtained by the Respondents against the Brozik companies until June 19, 2014, and a writ of execution was not obtained until July 25, 2014, almost *two years after* Ms. Parmer purchased the assets of Secure US.[2]  In their summary judgment motion, the Respondents asserted, in conclusory fashion, that Ms. Parmer had actual or constructive knowledge of the Respondents' judgment against Secure US prior to the recording of the lien; they did not, however, present evidence establishing such knowledge or notice.

---

[1]The Petitioner also contends that the Respondents failed to submit evidence indicating that the sale to Ms. Parmer was in any manner commercially unreasonable.  Thus, the Petitioner contends that the circuit court must address the issue of a commercially reasonable sale and the consequent extinguishment of all subordinate debt interests.

[2]As the Petitioner contends, the judgment lien had not attached to the assets Ms. Parmer purchased that were eventually purchased by the Petitioner.  As stated in syllabus point four of *Hartman v. Corpening*, 116 W.Va. 31, 178 S.E. 430 (1935), "[t]he lien of a perfected execution is both immediate and progressive, but not retroactive."

Moreover, this Court issued a memorandum decision in *Brozik v. Parmer*, No. 16-0238, 2017 WL 65475 (W.Va. Jan. 6, 2017) (memorandum decision), affirming a jury verdict in a civil action brought by Ms. Parmer against Mr. Brozik on the issue of Mr. Brozik's fraudulent activity and Ms. Parmer's lack of awareness of all circumstances surrounding her financial assistance to Mr. Brozik in connection with the purchase of the assets of Secure US. In that case, the jury returned a verdict finding that Mr. Brozik and MB Security breached contractual and fiduciary duties owed to Ms. Parmer. *Id.* at *4. Critical to the application of those findings to the present case, this Court affirmed the jury's finding that Mr. Brozik and MB Security "made false representations, untrue statements, failed to provide Ms. Parmer necessary and important information, and fraudulently induced Ms. Parmer into a series of transactions that made her the owner of Secure US's assets. . . ." *Id.* We also observed that the "evidence revealed that Mr. Brozik caused his aunt to become the owner of his company's assets as part of a scheme to avoid paying a lawful judgment obtained by" another "competing security company. . . ." *Id.* at *9. Thus, the Petitioner in the present case argues that whether Ms. Parmer was aware of the business circumstances surrounding the indebtedness of Secure US to the Respondents was a question of fact rendering summary judgment inappropriate.

The sole question currently before this Court is whether this matter should have been decided through the procedural vehicle of summary judgment. Courts have broadly recognized that issues surrounding an entity's status as a bona fide purchaser may not be

8

appropriate for resolution by summary judgment. In *Hanlon v. Bowman*, 169 W.Va. 405, 287 S.E.2d 519 (1982), this Court encountered a question of whether a defendant knew of a fiduciary relationship between the original grantor and grantees and whether summary judgment was appropriate. *Id.* at 408, 287 S.E.2d at 520. Knowledge of that relationship was deemed "material to the appellant's right to recover," and the evidence "suggested that [the original grantee and third parties][3] were involved in something other than an arm's length transaction." *Id.* In reversing the circuit court's summary judgment order, this Court observed the ineffectiveness of summary judgement where unresolved factual issues predominate. We held that the case "involves knowledge of a fiduciary relationship, establishment of which is similar to establishment of motive or intent." *Id.* This Court also addressed that concept in *Masinter v. WEBCO Co.,* 164 W.Va. 241, 262 S.E.2d 433 (1980), recognizing that summary judgment is often unwarranted "where issues involving motive and intent are present." *Id.* at 243, 262 S.E.2d at 436.

---

[3]Like the present case, the *Hanlon* matter involved a complex set of relationships among the parties and an allegation that Ms. Dorothy Bowman "had failed to transfer the stock as promised in consideration of" a transfer of property to her by James and Nellie Hanlon and "had subsequently, in breach of her trust and without authority, conveyed the property to Earl L. Corbin and H. Louise Corbin, the other appellees." 169 W.Va. at 406-07, 287 S.E.2d at 519-20. Thus, the question became whether the Corbins were bona fide purchasers or knew or should have known of the arrangement between the Hanlons and Ms. Bowman.

Emphasizing the imprudence of summary judgment in complex factual matters involving bona fide purchaser status, the Court of Appeals of Minnesota reasoned as follows in *Behr v. EverBank*, No. A13-1556, 2014 WL 1272390 (Minn. Ct. App. Mar. 31, 2014):

> A bona-fide purchaser "is one who gives valuable consideration without actual, implied or constructive notice of inconsistent outstanding rights of others." *Miller v. Hennen*, 438 N.W.2d 366, 369 (Minn. 1989). "Whether one is a good-faith purchaser is a factual determination." *Stone v. Jetmar Props., LLC*, 733 N.W.2d 480, 488 (Minn. App. 2007). Thus, the propriety of deciding the question at summary judgment is suspect. We therefore conclude that summary judgment is not appropriate on that ground.

*Id.* at \*6; *see also Dollar v. Dollar*, 105 S.E.2d 736, 740 (Ga. 1958) ("The question as to whether the defendant . . . had actual notice, or as to whether the circumstances were sufficient to put him on notice of the state of the title, were questions to be determined by the jury."); *R.W. Holdco, Inc. v. SCI/RW Holdco, Inc*., 551 S.E.2d 825 (Ga. Ct. App. 2001) (whether circumstances were sufficient to put purchaser on notice of appellants' interest in property was question of fact to be determined by trier of fact); *Green v. Tanner*, 49 Mass. 411, 422 (Mass. 1844) (whether defendants are bona fide purchasers is question of fact); *Proteon, Inc. v. Digital Equip. Corp*., No. CV981533F, 2000 WL 1298130, \*4 (Mass. Super. Ct. Mar. 3, 2000) ("As there are genuine issues of material fact on the legal issue of whether or not Cabletron was a bona fide purchaser, this matter is not appropriate for summary judgment.").

10

The dispositive "question of notice often requires a factual determination that is not appropriate for summary judgment." *Anthony Marano Co. v. J & S Produce Corp.*, No. 12 C 1906, 2014 WL 4922324, *8 (N.D. Ill. Sept. 30, 2014); *see also Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 1000 (11th Cir. 1997) (reversing summary judgment because "genuine issues of material fact exist as to whether the bank was a bona fide purchaser and whether the bank was without notice of [a breach of trust.]"); *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.,* 155 F.3d 612, 617 (2d Cir. 1988) (reversing summary judgment based upon existence of factual questions regarding defendant's notice); *Hahn v. Love*, 321 S.W.3d 517, 527 (Tex. App. 2009) ("The evidence shows that this case is no exception to the rule that fraudulent transfer and bona fide purchaser status are generally questions for the trier of fact that are inappropriate for summary judgment.").

In the case sub judice, the Respondents did not satisfy their burden of showing the absence of any genuine issues of material fact regarding whether Ms. Parmer was a bona fide purchaser. Having recognized the admonition of syllabus point six of *Aetna Casualty,* requiring doubts as to the existence of material issues to be construed against the movant, this Court finds that summary judgment should not have been granted in this case.[4]

IV. Conclusion

---

[4]Finding reversal necessary based upon the genuine issues of material fact surrounding the bona fide purchaser issue, we do not address the Petitioner's other assertions of error.

11

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on March 1, 2016, is reversed, and this case is remanded to the lower court for further proceedings.

Reversed and remanded.