IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**January 29, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ROVILLA LIPS,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-531**            (Cir. Ct. Kanawha Cnty. Case No. 21-C-184)

**EAST COAST ESTATE INVESTMENTS, LLC,**
**Plaintiff Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Rovilla Lips appeals an October 26, 2023, order from the Circuit Court of Kanawha County granting summary judgment for Respondent East Coast Estate Investments, LLC ("East Coast"). East Coast filed a response.[1] Petitioner did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision but no substantial question of law. Therefore, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed and remanded.

This case centers around allegations that two of Alexander Lips' ("Mr. Lips") former wives conspired to fraudulently transfer residential property located in St. Albans, West Virginia, shortly after his death. Petitioner is Mr. Lips' fourth wife, his widow, and resided at this home with their minor children at the time of Mr. Lips' death. Mr. Lips died on January 19, 2020, and was married to the following women at different times: Maria Wilhelmina Van der Velden, Monica Lips, Nelly Lips, and Petitioner. Mr. Lips and Ms. Van der Velden, his first wife, came to the United States from Holland and obtained the subject property via deed dated May 31, 1966. The deed states that Mr. Lips and Ms. Van der Velden owned the property as "joint tenants with right of survivorship, and not as tenants in common." Ms. Van der Velden returned to Holland sometime in 1971 or 1972,

---

[1] Ms. Lips is represented by Richard J. Lindroth, Esq. East Coast is represented by Thomas H. Peyton, Esq.

and Mr. Lips initiated divorce proceedings in both West Virginia and Holland because they were both Dutch citizens at the time of their divorce.

The parties dispute whether Ms. Van der Velden waived her rights to the property as a part of the divorce proceedings. Petitioner produced a waiver document allegedly signed by Ms. Van der Velden which waives all her interests in the subject property. Petitioner hired a handwriting expert who argues the signature on this waiver matches Ms. Van der Velden's signature on other documents. Petitioner also produced two billing statements from lawyers in Holland which detail work performed during the divorce. The lawyer billing statements are dated August of 1972 and state that a waiver related to Ms. Van der Velden's interest in the property was drafted. As a result, Petitioner argues Ms. Van der Velden waived her rights to this property in the divorce and did not have an interest to convey. The parties also do not dispute that Ms. Van der Velden has not resided in that home, or even the United States, since approximately 1971.

East Coast is owned and was created by Mr. Lips' third wife Nelly Lips. East Coast alleges it purchased a 100% interest in the subject property from Ms. Van der Velden on March 25, 2020, for $9,366.13. It argues Mr. Lips and Ms. Van der Velden's divorce did not alter the ownership of this property and that Mr. Lips owned a 50% interest and Ms. Van der Velden owned a 50% interest with rights of survivorship. After Mr. Lips' death, East Coast argues Ms. Van der Velden owned 100% interest in the property because of the survivorship clause. On the other hand, Petitioner argues Nelly Lips was secretly in contact with Ms. Van der Velden throughout Nelly Lips' 20-year marriage to Mr. Lips and was aware of the waiver document and the circumstances of Ms. Van der Velden's divorce from Mr. Lips. Petitioner also argues that this transaction is inherently suspicious because it occurred a few months after Mr. Lips' death and the property was conveyed for such a low value. Petitioner alleges the property is assessed for approximately $70,000 to $75,000 but was sold for $9,366.13.

On March 3, 2021, East Coast filed an ejectment proceeding against Petitioner. Next, on October 24, 2022, Petitioner filed a separate civil action to quiet title to the same property. These actions were then consolidated. On August 8, 2023, East Coast filed its motion for summary judgment, and Petitioner filed her cross motion for summary judgment on September 8, 2023. The circuit court then held a hearing on both motions on September 28, 2023. In an order entered on October 26, 2023, the circuit court granted summary judgment for East Coast and found that East Coast was the legal owner of the subject property. The court held that the divorce did not alter the ownership of the property and that Mr. Lips and Ms. Van der Velden each owned a 50% interest in the property with rights of survivorship. It then concluded that, since Ms. Van der Velden outlived Mr. Lips, she owned a 100% interest. It found that East Coast purchased the property from Ms. Van der Velden and that the waiver did not overcome East Coast's motion for summary judgment because that document is not a court order, deed, will, or valid contract divesting Ms. Van der Velden of her interests. The circuit court also held that the document was not

recorded in the Kanawha County Clerk's Office and that there was no evidence that East Coast was aware of this document prior to its purchase. Thus, East Coast purchased the property for consideration and was without notice of Petitioner's claims. It is from this order that Petitioner now appeals.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337.

On appeal, Petitioner asserts seven assignments of error. Her first three assignments of error argue there are genuine issues of fact regarding whether East Coast is a bona fide good faith purchaser without notice; whether Ms. Van der Velden executed the waiver during the divorce proceedings; and whether Nelly Lips, as the owner of East Coast, fraudulently obtained title to the property in question. The Supreme Court of Appeals of West Virginia has defined a bona fide purchaser as "one who purchases for a valuable consideration, paid or parted with, without notice of any suspicious circumstances to put him upon inquiry." *Kourt Sec. Partners, LLC v. Judy's Locksmiths, Inc.*, 239 W. Va. 757, 761, 806 S.E.2d 188, 192 (2017) (internal quotations omitted) (quoting *Stickley v. Thorn*, 87 W. Va. 673, 678, 106 S.E. 240, 242 (1921)). "That which fairly puts a party on inquiry is regarded as sufficient notice, if the means of knowledge are at hand; and a purchaser, having sufficient knowledge to put him on inquiry, or being informed of circumstances which ought to lead to such inquiry, is deemed to be sufficiently notified to deprive him of the character of an innocent purchaser." Syl. Pt. 3, *Pocahontas Tanning Co. v. St. Lawrence Boom & Mfg. Co.*, 63 W. Va. 685, 60 S.E. 890 (1908). Further, "[o]ne who claims the protection of a court of equity as a bona fide purchaser must show that he had acquired the legal title before notice or knowledge of facts equivalent to notice." Syl. Pt. 4, *Clark v. Lambert*, 55 W. Va. 512, 47 S.E. 312 (1904).

Here, the circuit court found the majority of the facts in this case were undisputed, and held East Coast was without notice as to any suspicious circumstances and was a bona fide purchaser for value without notice. This holding is erroneous and ignores the many

genuine issues of material fact which exist in this case. First, there is a clear issue of fact regarding Ms. Van der Velden's alleged waiver and the validity of that document. Petitioner obtained a handwriting expert and produced billing statements from the Holland attorneys detailing the work performed. In addition, Petitioner argues there are various issues that make the transfer of this property suspect including the timing of this purchase, the purchase price, and the fact that Nelly Lips, as the owner of East Coast, was married to Mr. Lips for twenty years and may have been aware of the circumstances of Mr. Lips and Ms. Van der Velden's divorce. As the Supreme Court of West Virginia has held, "[c]ourts have broadly recognized that issues surrounding an entity's status as a bona fide purchaser may not be appropriate for resolution by summary judgment." *Kourt Sec. Partners*, 239 W. Va. at 762, 806 S.E.2d at 193. This is certainly the case here. Petitioner can clearly "point to one or more disputed 'material' facts . . . that [have] the capacity to sway the outcome of the litigation under the applicable law." *Sugar Rock, Inc. v. Washburn*, 237 W. Va. 347, 354, 787 S.E.2d 618, 625 (2016). These issues of fact were disregarded by the circuit court, and it was error to grant summary judgment in favor of East Coast. Accordingly, we reverse the circuit court's determination that East Coast was a bona fide good faith purchaser without notice because this case presents genuine issues of material fact which make summary judgment improper.

Next, Petitioner's assignments of error four and five relate to the waiver executed by Ms. Van der Velden and argue the waiver severed the joint tenancy created in the 1966 deed which prevented Ms. Van der Velden from transferring the property to East Coast. In its order, the circuit court held that the divorce order between Mr. Lips and Ms. Van der Velden did not alter the ownership of the property and did not address the disposition of the property. The court referred to the waiver as a "questionable document" and held that it was not sufficient to overcome East Coast's motion for summary judgment because it was not a deed, will, or valid contract divesting Ms. Van der Velden of her ownership interest. Since Ms. Van der Velden outlived Mr. Lips, the circuit court concluded that she owned 100% interest in the property due to the survivorship clause in the deed and that she properly conveyed that property to East Coast. We again find error in the circuit court's rulings.

> In order to create a common law joint tenancy in real property the parties must receive an undivided interest under four conditions: (1) each party's undivided interest must vest at the same time; (2) each party must receive an undivided interest in the whole estate; (3) each party's possession must be coequal so that his property interest is the same as to the legal estate and duration; and, (4) each party must receive his interest in the same title document. These four conditions for the creation of a common law joint tenancy are commonly abbreviated as the four unities of time, interest, possession and title. The main attribute of a common law joint tenancy was the right of survivorship.

4

Syl. Pt. 1, *Herring v. Carroll*, 171 W. Va. 516, 300 S.E.2d 629 (1983). Further, the common law right of survivorship in a joint tenancy has been abrogated by statute, unless "it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the others." *Id.* at 517, 300 S.E.2d at 630, Syl. Pt. 3; *see also* W. Va. Code § 36-1-19–20 (2017). As this Court held in *Spears v. Spears*, "[a]ny act of a joint tenant which severs one of the four unities 'operates as a severance of the joint tenancy and extinguishes the right of survivorship.'" No. 23-ICA-478, 2024 WL 4786256, at *2 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision) (quoting *Herring*, 171 W. Va. at 520, 300 S.E.2d at 633). "However, a mere divorce does not, on its own, sever a joint tenancy." *Spears*, 2024 WL 4786256, at *2. As the Supreme Court of Appeals of West Virginia held, "[i]n circumstances of divorce, joint tenants can agree to hold as tenants in common and thus sever the joint tenancy. Such an agreement can be express or implied from conduct of the parties inconsistent with holding in joint tenancy." Syl. Pt. 8, *Young v. McIntyre*, 223 W. Va. 60, 672 S.E.2d 196 (2008). As this Court acknowledged in *Spears*, there is not "an abundance of precedent regarding what conduct can be considered inconsistent with the joint tenancy such that it implies an agreement to sever." *Spears*, 2024 WL 4786256, at *3. However, "a holistic analysis of the circumstances, conduct, and agreements between the parties, and . . . the statutory presumption against joint tenancy survivorship" can all be considered to determine "whether, taken holistically, the parties' acts, circumstances, and agreements evinced an intent that the joint tenancy survive." *Id.*

When this analytical framework is applied to this case, it is clear the circuit court failed to consider if there was destruction of the joint tenancy. On appeal, the parties have provided only limited information regarding the circumstances, conduct, and agreements between Mr. Lips and Ms. Van der Velden. It is unclear what actions, if any, evidenced an intent to sever the joint tenancy. The parties have failed to provide this Court with any documents from the divorce proceeding itself. As we explained in *Spears, Young's* holding looks to the intent of the parties to sever the joint tenancy and considers both implications from the parties conduct as well as express manifestations. *Id.* Here, the parties did not provide any evidence regarding Mr. Lips and Ms. Van der Velden's divorce outside the disputed waiver and the billing statements from the Holland attorneys. It is unclear from the record if Ms. Van der Velden contributed to the mortgage payments, real estate taxes, or the upkeep and maintenance on the property after the divorce occurred. The circuit court failed to perform a proper analysis pursuant to *Young* and did not consider how the conduct of the parties showed an intent to continue the joint tenancy. As a result, we vacate the findings regarding the validity of the joint tenancy and remand and instruct the circuit court to perform a proper analysis, pursuant to *Young* and *Spears*, of how the conduct of Mr. Lips and Ms. Van der Velden, both affirmative and passive, expressed their intent regarding the continuation of the joint tenancy.

Finally, Petitioner's sixth and seventh assignments of error argue Mr. Lips adversely possessed the subject property because Ms. Van der Velden abandoned it in 1972. East Coast argues these assignments of error are waived because Petitioner did not raise these

arguments below. We agree. As this Court has held previously, "[a]ppellate courts will not decide nonjurisdictional questions raised for the first time on appeal." *Hecker v. McIntire*, No. 22-ICA-15, 2023 WL 152889, at *3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision) (citing Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971)). Petitioner did not file a reply to refute this argument, and there is nothing in the record provided on appeal that shows Petitioner raised these arguments below. Accordingly, Petitioner's sixth and seventh assignments of error are waived.

Based on the foregoing, we find that this case presents various genuine issues of material fact that make summary judgment improper on the issue of whether East Coast is a bona fide good faith purchaser. Accordingly, we reverse the circuit court's October 26, 2023, order as to that issue. Next, we vacate the circuit court's findings regarding the validity of the joint tenancy and remand to the circuit court with instructions to perform additional analysis, pursuant to *Young* and *Spears*, regarding whether the conduct of Mr. Lips and Ms. Van der Velden showed an intent to continue the joint tenancy.

Reversed, in part, Vacated, in part, and Remanded.

**ISSUED:** January 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating

6